***UNITED STATES DISTRICT COURT***
***DISTRICT OF MAINE***

| | | |
|---|---|---|
| ***PERRY D. MORNEAU,*** | *)* | |
| | *)* | |
| ***Plaintiff*** | *)* | |
| | *)* | |
| ***v.*** | *)* | ***Docket No. 06-53-P-C*** |
| | *)* | |
| ***JO ANNE B. BARNHART,*** | *)* | |
| ***Commissioner of Social Security,*** | *)* | |
| | *)* | |
| ***Defendant*** | *)* | |

***REPORT AND RECOMMENDED DECISION***[1]

This Social Security Disability ("SSD") appeal challenges the administrative law judge's failure to seek testimony from a vocational expert at the plaintiff's second hearing, his failure to give controlling weight to certain medical opinions and his identification of three specific jobs which he concluded that the plaintiff could perform. I recommend that the decision of the commissioner be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had acquired sufficient quarters of coverage to remain insured only through December 31, 2003, Finding 1, Record at 21; that he suffered from degenerative disc disease, an impairment that was severe but did not meet or equal the criteria of any

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on December 1, 2006 (*continued on next page*)

of the impairments listed in Appendix 1 to Subpart P, 20 C.F.R. Part 404 (the "Listings"), Finding 3, *id*.; that his statements concerning his impairment and its impact on his ability to work were not credible, Finding 4, *id*.; that he lacked the residual functional capacity to lift and carry more than 20 pounds occasionally, or more than 10 pounds on a regular basis, to stop, climb, crouch or crawl more than occasionally or to use vibratory equipment, Finding 5, *id*. at 22; that he was unable to perform his past relevant work as a landscaper and pipefitter, Finding 6, *id*.; that, given his age (44), education (high school), skilled work experience (but no transferable skills) and residual functional capacity, the plaintiff was able to make a successful vocational adjustment to work that existed in significant numbers in the national economy on the date he was last insured, including employment as a sales clerk, hotel clerk and case aide, Findings 8-11, *id*.; and that, therefore, the plaintiff was not under a disability, as that term is defined in the Social Security Act, at any time through the date he was last insured, Finding 12, *id*. The Appeals Council declined to review the decision, *id*. at 8-10, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs*., 869 F.2d 622, 623 (1st Cir. 1989).

The history of this claim is unusual in that the administrative law judge issued an initial decision on the claim on September 29, 2003, Record at 132, after a hearing at which the plaintiff was represented by his current counsel, *id.* at 126, and the Appeals Council vacated that decision and remanded the case for further proceedings, *id*. at 134. The administrative law judge held two more hearings at which the plaintiff was again represented by his current counsel. *Id*. at 75-119. A medical expert was present and testified at the second of these hearings, *id.* at 95-118, and a vocational expert was present but did not testify at both hearings. *Id*. at 77-84, 87-119.

---

pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record.

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 647 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual work capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

**Discussion**

The plaintiff first contends that the administrative law judge committed reversible error by relying on the testimony of a vocational expert presented at the first hearing rather than obtaining the testimony of a vocational expert at the second or third hearings. Itemized Statement of Errors ("Statement of Errors") (Docket No. 6) at 2-3. He asserts that he "should have an opportunity to cross-examine and/or rebut the testimony of a vocational expert based upon the record as a whole, including all of the new evidence submitted at the time of this hearing." *Id*. at 3. As counsel for the plaintiff conceded at oral argument, the residual functional capacity assigned to the plaintiff by the administrative law judge in his second, current opinion, Record at 22, is essentially the same as that used by the administrative law judge in the hypothetical question posed to the vocational expert in the first hearing, *id*. at 67, and it is that question which generated the testimony about available jobs on

which the administrative law judge relied in the second opinion, *id*. at 21.[2] The lawyer who represents the plaintiff in this proceeding was present at the first hearing, *id*. at 29, where he did cross-examine the vocational expert, *id*. at 73. That lawyer was also present at the second and third hearings, *id*. at 75, 85, and has not offered any suggestion that he was prevented in any way from questioning the vocational expert who was present at those hearings.

The case law cited by the plaintiff on this point is easily distinguishable. In *Yount v. Barnhart*, 416 F.3d 1233 (10th Cir. 2005), the administrative law judge solicited a post-hearing medical report and did not respond to the request of the claimant's attorney for a supplemental hearing when he was informed that this report was to be entered into the record, *id*. at 1234. The court held that the administrative law judge failed to give the claimant's lawyer a meaningful opportunity to address the post-hearing evidence. *Id*. at 1236. In *Townley v. Heckler*, 748 F.2d 109 (2d Cir. 1984), the administrative law judge "used a post-hearing vocational report as the primary evidence upon which benefits were denied," did not inform counsel for the claimant that he was seeking such a report until after it was filed and denied counsel an opportunity to examine that report or to cross-examine the expert, *id*. at 114. Here, the plaintiff's lawyer had every opportunity to cross-examine the first vocational expert about the testimony upon which the administrative law judge relied. He made no attempt to question the second vocational expert. The plaintiff is not entitled to remand on the showing made with respect to this issue. *See Coffin v. Sullivan*, 895 F.2d 1206, 1210-12 (8th Cir. 1990) (claimant's attorney who remains silent when opportunity to request cross-examination arises waives right to cross-examination).

---

[2] When asked at oral argument what specific evidence presented at the second (or third) hearing and generated between July 2004 and February 2005 would necessarily have changed the hypothetical question posed to the vocational expert at the first hearing, counsel for the plaintiff replied that this would be the fact that Dr. G. F. Guernelli continued to have the same opinions. Evidence that there was no change in the medical evidence in the intervening period could not have necessitated a change in the hypothetical question.

The plaintiff's second stated issue is an assertion that the administrative law judge was required to give controlling weight to the opinions of G. F. Guernelli, M.D., a treating physician, but failed to do so. Statement of Errors at 3-6. He cites Social Security Ruling 96-2p in support of this claim. *Id*. at 4. That Ruling provides, in relevant part:

> 3. Controlling weight may not be given to a treating source's medical opinion unless the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques.
>
> 4. Even if a treating source's medical opinion is well-supported, controlling weight may not be given to the opinion unless it also is "not inconsistent" with the other substantial evidence in the case record.
>
> * * *
>
> 6. If a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight; i.e., it must be adopted.

Social Security Ruling 96-2p ("SSR 96-2p"), reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2004), at 111. Dr. Guernelli was a treating medical source. Record at 431-34. The plaintiff asserts that

> [t]here is no dispute that Dr. Guernelli's opinion is not well support[ed] by these acceptable clinical and laboratory diagnostic techniques. The Administrative Law Judge did not take issue with this fact.

Statement of Errors at 4. To the contrary, as the next sentence of the statement of errors makes clear, the administrative law judge "determined that the Residual Functional Capacity opinions by Dr. Guernelli were not supported by objective medical findings and were inconsistent with other substantial evidence in the case record." *Id*. The administrative law judge went on to say the following:

> Dr. Guernelli's assessments of the claimant's limitations are not supported by his own records, or by those of Dr. Regan and other treating sources. As indicated above, radiological studies have not yielded evidence of more than mild spinal pathology, and physical examination results have generally been within normal limits. Treating source Jennifer Winslow, N.P., examined the claimant in November, 2004 and found that he had a normal gait, normal

> strength except for "slight" weakness of knee and hip extension, and negative straight leg raises (Exhibit 29F). Consistent positive clinical findings have, for the most part, consisted of pain-related limitation of motion and alleged sensory deficits.

*Id*. at 20. The plaintiff takes issue with what he characterizes as the administrative law judge's interpretation of an MRI as showing "mild" spinal pathology, asserting that he was not medically qualified to do so and contending that the report of Joel Ira Franck, M.D., was inconsistent with this finding. Statement of Errors at 4-5. However, the MRI to which the administrative law judge referred, Record at 18-19, was interpreted by a radiologist as showing "some mild early degenerative joint disease at L4-5 and at L5-S1 with some mild bulging," *id*. at 294. The administrative law judge merely relied on the opinion of a qualified medical professional; he did not interpret the MRI himself. In addition, the administrative law judge said only that "radiological studies have not yielded evidence of more than mild spinal pathology," *id*. at 20, and the statement of Dr. Franck quoted by the plaintiff in his Statement of Errors at 5 — "the patient would clearly benefit from a lumbar fusion at L4-5 and L5-S1 using the Stealth System" — does not necessarily contradict the administrative law judge's observation about radiological studies.

Assuming *arguendo* that, as the plaintiff asserts, "[t]he opinions of the treating physicians Drs. Guernelli and Cloutier, along with the examining Disability Determination physician, Dr. Tremblay, are all consistent," Statement of Errors at 5, *but compare* Record at 501-04 (Tremblay) *with id*. at 428-30 (Cloutier) & 431-33 (Guernelli), SSR 96-2p does not require that Dr. Guernelli's opinions be given controlling weight unless they are well-supported by clinical and laboratory diagnostic techniques *and* are not inconsistent with other substantial evidence in the record. The plaintiff casts the "few references" in the medical record cited by the administrative law judge "that would appear to minimize [his] back condition" as "not paint[ing] an accurate picture of [his] medical condition." Statement of Errors at 6. However, if such references constitute substantial evidence in the record,

they are clearly inconsistent with Dr. Guernelli's conclusions and accordingly strip those conclusions of any entitlement to controlling weight. The administrative law judge's opinion discusses medical evidence that is inconsistent with Dr. Guernelli's conclusions at pages 16-17 and 18-20 of the record. These are references to substantial evidence in the record. The administrative law judge also points out ways in which Dr. Guernelli's findings are not supported by his own records and inconsistencies between and omissions from the two residual functional capacity assessment forms filled out by Dr. Guernelli. Record at 19. Neither the opinions of Dr. Guernelli nor those of Dr. Cloutier and Dr. Tremblay that may fairly be characterized as being not inconsistent with those of Dr. Guernelli are entitled to controlling weight under SSR 96-2p.[3]

As his third and final issue, the plaintiff asserts that he cannot perform the three jobs that the administrative law judge found to be available to him because they are classified at the light exertional level and "[t]he Residual Functional Capacity opinions of both Drs. Guernelli and Tremblay preclude all light-duty work." Statement of Errors at 7. I have already discussed the reasons why Dr. Guernelli's opinions are not entitled to controlling weight. Dr. Tremblay is not a treating physician and his opinions therefore cannot be given controlling weight. The administrative law judge was entitled to rely, as he did, on inconsistent medical evidence, like the report of nurse practitioner Winslow, Record at 20, 518-19, and the residual functional capacity assessments completed by the state-agency reviewers, *id*. at 355-59, 377-78, 395-402.[4] The plaintiff has not demonstrated that the

---

[3] At the very end of the section of his statement of errors that deals with the weight to be given to Dr. Guernelli's opinions, or those of Dr. Cloutier, a treating physician, and Dr. Tremblay, who was not a treating physician. the plaintiff asserts that "[p]ursuant to Social Security Rulings 96-2p and 96-5p, these opinions should have been given controlling weight." Statement of Errors at 6. This is the first and only reference to SSR 96-5p in the statement of errors. That ruling merely explains that the opinions of treating medical sources on issues reserved to the commissioner are never entitled to controlling weight or special significance but must be addressed by the administrative law judge. Social Security Ruling 96-5p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2004) at 122. In the absence of more developed argumentation based on SSR 96-5p in the plaintiff's statement of errors, this court will not consider SSR 96-5p further. At oral argument, counsel for the plaintiff conceded that it was error to argue that Dr. Tremblay's opinions were entitled to controlling weight.

[4] Even though all of these assessments are dated before the report of Dr. Tremblay and those of Dr. Guernelli, it is important to note (*continued on next page*)

physical requirements of the three jobs are inconsistent with all of the residual functional capacity assessments that appear in the record. There is substantial support in the record for the administrative law judge's findings with respect to the availability of the three jobs.

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

## ***NOTICE***

***A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.***

***Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.***

Dated this 6th day of December, 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge

---

that the plaintiff was eligible for the benefits he seeks only if he was disabled within the meaning of the Social Security Act before his date last insured of December 31, 2003. Dr. Tremblay's report is dated December 7, 2004, Record at 497, and does not mention the date last insured.